UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NONNIE MARCELLA LOTUSFLOWER,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CHARLOTTE HEADLEY et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:24-cv-05948-TL-MLP<br><br>ORDER ON MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

This matter is before the Court on *pro se* Plaintiff Nonnie Marcella Lotusflower's motion for preliminary injunction and temporary restraining order (the "Motion"). Dkt. No. 11. Plaintiff, a prisoner at the Washington Corrections Center for Women ("WCCW"), seeks: (1) immediate release from solitary confinement; (2) a mental health evaluation from an "outside doctor"; and (3) a one-year suspension of all sanctions currently imposed on Plaintiff. *Id.* at 2. Additionally, Plaintiff requests various forms of injunctive relief regarding treatment of "mentally ill inmates." *Id.*

1  Having considered the relevant record, the Court hereby: (1) declines to issue a TRO and
2  DENIES IN PART the Motion WITHOUT PREJUDICE; and (2) DEFERS RULING on the remainder of the
3  Motion pending service on Defendants and a potential hearing on the request for a preliminary
4  injunction.

## I.   BACKGROUND

Plaintiff is incarcerated at WCCW in Gig Harbor, Washington. *See* Dkt. No. 13 at 12. Plaintiff does not expressly assert as much, but it is apparent from her submissions that she is in solitary confinement. *See id.* Plaintiff asserts that she has been targeted by WCCW officials, and that she is "not safe and needs help." Dkt. No. 16 at 3. Plaintiff believes that remaining in solitary confinement poses a risk to her own safety and wellbeing, and she asserts that three members of WCCW staff share that belief. *See* Dkt. No. 14 at 10.

Plaintiff initiated this action on November 14, 2024, when she submitted an application to proceed *in forma pauperis*. Dkt. No. 1. After Plaintiff corrected a deficiency in her application, U.S. Magistrate Judge Michelle L. Peterson granted the application on December 26, 2024. Dkt. No. 5. That same day, Plaintiff filed a Section 1983 Prisoner Civil Rights Complaint against Defendants. Dkt. No. 6. As of the date of this Order, no Defendant has been served, and no Defendant has appeared.

## II.   LEGAL STANDARD

A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is "never awarded as of right." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 829 n.7 (9th Cir. 2001) (noting the analysis for a TRO and a preliminary injunction are substantially identical), *overruled on other grounds by Winter*, 555 U.S. 7. Importantly, given that the U.S. federal jurisprudence "runs counter to the notion of court action taken before reasonable notice and an opportunity to

be heard has been granted both sides of a dispute . . . , courts have recognized very few circumstances justifying the issuance of an *ex parte* TRO." *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438–39 (1974)).

Federal Rule of Civil Procedure 65 provides that:

> (a)(1) *Notice.*
> The court may issue a preliminary injunction only on notice to the adverse party.
>
> [ . . . ]
>
> (b)(1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; **and**
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65 (boldface and emphasis added).

Local Civil Rule 65 of this District also provides that:

> (b)(1) *Issuance Without Notice Disfavored.* Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted. Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel or for an unrepresented party.

//

//

### III. DISCUSSION

Here, the Court cannot grant Plaintiff's request for a TRO because her Motion does not meet the second element necessary for such an order: a certification of Plaintiff's efforts to notify Defendants of the motion and justification as to why such notice should not be required. *See, e.g.*, *Gale Force Nine LLC v. Wizards of the Coast LLC*, No. C20-1700, 2020 WL 6817684, at *2 (W.D. Wash. Nov. 19, 2020) (denying TRO because plaintiff "failed to meet the requirements for a TRO without notice"), *report and recommendation adopted by* 2020 WL 6927606 (Nov. 20, 2020).

Plaintiff has not "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required," Fed. R. Civ. P. 65(b)(1)(B), and the Court finds no such justification from the record upon review. As mentioned above, no Defendant has appeared in the action, and there is no other evidence that any Defendant is even aware of this case, much less the Motion. If it is Plaintiff's position that she cannot provide notice of the Motion to Defendants, then she must provide an explanation of the efforts she has made to give notice to the Defendants, as well as the reasons why she should be excused from providing them with notice of her request for a TRO. This information must be provided in the Motion. *See Gale Force Nine LLC*, 2020 WL 6817684, at *2. Although Plaintiff is proceeding without an attorney, she is bound by the same procedural requirements as any represented litigant. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants.") (internal citations omitted).

Therefore, a TRO is inappropriate under Rule 65(b)(1)(B). While the Court is sympathetic to Plaintiff's plight and is concerned about the allegations raised in her complaint,

Plaintiff has not shown that she has provided Defendants with adequate notice and opportunity to respond, nor that she is entitled to an *ex parte* TRO without notice.

## IV.   CONCLUSION

Accordingly, Plaintiff's Motion (Dkt. No. 11) is DENIED without prejudice to the extent that it seeks a TRO. However, the Court is prepared to consider Plaintiff's request for a preliminary injunction once Defendants are provided with adequate notice and an opportunity to respond. The Court DEFERS RULING on the remainder of the Motion, to the extent that it seeks a preliminary injunction, pending proper notice to Defendants and a potential hearing.

Dated this 18th day of January 2025.

Tana Lin
United States District Judge