UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NONNIE MARCELLA LOTUSFLOWER,

    Plaintiff,

v.

CHARLOTTE HEADLEY, *et al.*,

    Defendants.

Case No. C24-5948-JCC-MLP

ORDER

This matter is before the Court on Ms. Lotusflower's Motion for Preliminary Injunction (*see* dkt. ## 30, 34) and Motion for Subpoena (dkt. # 27).

The Court GRANTS Ms. Lotusflower's request for oral argument on her Motion for Preliminary Injunction. To properly facilitate her participation, the Court ORDERS Defendants to ensure that Ms. Lotusflower can attend via a non-collect and unmonitored telephone call, videoconferencing technology, or any other method consistent with the requirements at the facility where she is housed. Defendants are further instructed to coordinate with the Clerk to schedule a time for oral argument. Each side will be allotted up to 15 minutes to present their arguments.

ORDER - 1

1    Ms. Lotusflower has also moved for subpoenas to obtain various documents and
2    testimony from non-parties in support of her Motion for Preliminary Injunction. (Dkt. # 27.) The
3    proposed subpoenas aim to acquire, from each third party,[1] the following documents: (1) critical
4    incident review reports from October 2024 through January 2025; (2) documents related to
5    alleged abuse and corruption by Charlotte Headley and staff at Washington Corrections Center
6    for Women ("WCCW") towards Ms. Lotusflower, including staff witness reports; (3) evidence
7    of abuse, such as videos, recordings, and setups; and (4) information regarding abusive mental
8    health conditions of confinement. (*Id.* at 2.)

9    The Court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis*
10   plaintiff is subject to specific limitations, including the relevance of the requested information
11   and the burden and expense imposed on the non-party in providing it. Fed. R. Civ. P. 26, 45. A
12   motion for issuing a subpoena *duces tecum* should be supported by a clear identification of the
13   documents sought and a demonstration that the records are obtainable only through the identified
14   third party. *See*, *e.g.*, *Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010); *Williams v.*
15   *Adams*, 2010 WL 148703, *1 (E.D. Cal. 2010). The "Federal Rules of Civil Procedure were not
16   intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to
17   comply with a subpoena *duces tecum*." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).
18   Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these
19   factors. *Id.*

20   Here, Ms. Lotusflower has not demonstrated the relevance of the requested documents to
21   her pending request for a Preliminary Injunction, nor has she shown that she followed the

---

[1] (1) Angie, a DOC ombudsperson; (2) Racheal Seevers, an attorney for Disability Rights Washington; and Dr. Lorin Brodie, a mental health doctor at WCCW. (Dkt. # 27 at 2.)

ORDER - 2

appropriate procedure to request a subpoena for a nonparty individual. Accordingly, Ms. Lotusflower's Motion for Subpoena is DENIED.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this <u>2nd</u> day of April, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3